# ZAZZALI, FAGELLA, NOWAK, KLEINBAUM & FRIEDMAN
A PROFESSIONAL CORPORATION
**ATTORNEYS AT LAW**

| | | |
|---|---|---|
| ANDREW F. ZAZZALI (1899-1969) | 570 BROAD STREET, SUITE 1402 | |
| | NEWARK, N.J. 07102 | MARISSA A. McALEER** |
| ANDREW F. ZAZZALI, JR. | Telephone:  (973) 623-1822 | JAMES R. ZAZZALI, JR. |
| ROBERT A. FAGELLA** | Fax: (973) 623-2209 | KAITLYN E. DUNPHY |
| KENNETH I. NOWAK*** | | CRAIG A. LONG** |
| RICHARD A. FRIEDMAN | _____ | |
| PAUL L. KLEINBAUM* | 150 West State Street | |
| EDWARD H. O'HARE* | Trenton, New Jersey  08608 | |
| COLIN M. LYNCH** | Telephone: (609) 392-8172 | |
| FLAVIO L. KOMUVES* | Fax: (609) 392-8933 | OF COUNSEL |
| SIDNEY H. LEHMANN (1945-2012) | | KATHLEEN NAPRSTEK CERISANO |
| | | JASON E. SOKOLOWSKI |
| COUNSEL | | DANIEL GEDDES‡ |
| JAMES R. ZAZZALI*** | www.zazzali-law.com | |

*Also admitted Pennsylvania
**Also admitted New York
***Also admitted New York & D.C.

**Please Reply to Newark**

‡Workers Compensation Law Attorney

May 24, 2018

**VIA ECF**
Honorable Peter G. Sheridan
United States District Court Judge
Clarkson S. Fisher Federal Building
 & U.S. Courthouse, Room 4050
402 E. State Street
Trenton, New Jersey  08608

>    Re:   Andrew Policastro, Pro Se v. U.S. Secretary of Labor
>          R. Alexander Acosta, in his official capacity, et als.
>          **Case No. 3:17-cv-06482-PGS-TJB**

Dear Judge Sheridan:

This reply letter-brief is submitted on behalf of four of the defendants in this matter, the New Jersey Education Association ("NJEA") and the Somerset, Hunterdon and Gloucester County Education Associations (collectively, the "Union Defendants").

Due to some developments and filings that were made since Union Defendants filed their renewed motion to dismiss on March 28, 2018 (DE13), we will briefly recapitulate the procedural history before turning to the merits of Plaintiff's opposition.

ZAZZALI, FAGELLA, NOWAK, KLEINBAUM & FRIEDMAN
Honorable Peter G. Sheridan
May 24, 2018
Page 2

## UPDATED PROCEDURAL HISTORY

Plaintiff filed suit against the Union Defendants on August 29, 2017. In response to a timely motion to dismiss (DE6), on February 16, 2018, this Court entered an Order dismissing Plaintiff's claims against the Union Defendants, while allowing Plaintiff to file an Amended Complaint naming the Secretary of Labor as a defendant in the matter (DE11). This Court held that that NJEA and the three county associations were not proper parties-defendants, and that Plaintiff's claims against the Union Defendants were not cognizable, for want of subject matter jurisdiction. (DE11, p. 6). Specifically, the Court ruled that where a plaintiff seeks to challenge the outcome of a union's election under the Labor Management Relations and Disclosure Act ("LMRDA"), the plaintiff's exclusive remedy under the LMRDA is to file an administrative complaint with the Department of Labor and, if dissatisfied with the agency's decision thereon, to seek timely review of the Department of Labor's decision in district court. (Id.). A plaintiff with such claims, this court held, is not permitted to bring suit against the Union, as the LMRDA provides no private right of action to challenge the results of a union election. (Id.). While the Court correctly decided this issue, we again note that Plaintiff's LMRDA claim against any defendant ultimately fails because the LMRDA, as interpreted by the Department of Labor, does not cover, nor did it cover at the time of the election, unions that represent public sector employees such as the Union Defendants here.

Plaintiff filed an Amended Complaint on March 14, 2018 (DE12), which names the Secretary of Labor as a defendant, but which also improperly repleads claims against the NJEA

221615.docx

ZAZZALI, FAGELLA, NOWAK, KLEINBAUM & FRIEDMAN
Honorable Peter G. Sheridan
May 24, 2018
Page 3

and the three county education associations.  (See DE12, Caption and "Parties" sections).[1] Defendants' renewed motion to dismiss then ensued.  (DE13).

On May 2, 2018, the Court docketed another "Amended Complaint" (DE15) which appears to be identical in all respects to his March 14, 2018 Amended Complaint (DE12) with only a handwritten change to the prior date, and which should be dismissed for the same reasons as the March 14 filing.  Accompanying the May 2, 2018 filing was a Brief which appears to substantially parrot the arguments made by Plaintiff in unsuccessfully opposing the first motion to dismiss.  (The Union Defendants regard that filing as the opposition brief to the present motion to dismiss).  The docket also shows (DE17-18) that on May 15, 2018, Plaintiff finally procured a summons to effect service on the Secretary of Labor.  This, it should be noted, comes more than a year after the April 2017 decision of the NJEA Elections Committee, certifying the election results at issue, and overruling Policastro's internal appeal challenging its outcome.

## ARGUMENT

**The Court's prior dismissal of the Union Defendants from the case was correctly decided, and is now law of the case; Plaintiff's speculation about possible prospective changes in the applicable law is not grounds for revisiting the dismissal of the Union Defendants.**

In its letter-brief supporting its present motion to dismiss, the Union Defendants argued that Plaintiff's amended complaint, insofar as it was directed against the Union Defendants, was

---

[1] Aside from Plaintiff's LMRDA claims against the Union Defendants, Plaintiff also repleaded his First Amendment claims against the Union Defendants.  However, labor organizations or federations, even those which represent public employees, are not "state actors" amenable to suit under the Constitution or Section 1983.  See United Steelworkers of Am., AFL-CIO-CLC v. Sadlowski, 457 U.S. 102, 121 n.16 (1982) (a union's conduct of an internal election does not constitute state action); see also Talley v. Feldman, 941 F. Supp. 501, 512 (E.D. Pa. 1996) (union representing public employees is not a "state actor"); Socha v. National Ass'n of Letter Carriers, Branch No. 57, 883 F. Supp. 790, 797 (D.R.I. 1995) (dismissing First Amendment claims against union, as it was not a government actor).

ZAZZALI, FAGELLA, NOWAK, KLEINBAUM & FRIEDMAN
Honorable Peter G. Sheridan
May 24, 2018
Page 4

nothing more than an effort to re-litigate issues already decided, which had become law of the case, and for which there was no recognized exception. (See DE12-1). Nothing in Plaintiff's opposition papers changes that analysis.

Specifically, Plaintiff's chief argument is his rank speculation that the new Secretary of Labor may undertake efforts to expand the scope of which Unions are subject to the LMRDA on a going-forward basis. Plaintiff, however, cannot point to a notice of proposed rulemaking even attempting to impose such a rule, much less one that has actually been adopted. Even if such a rule were ultimately proposed, adopted and judicially upheld, it would not change the fact that Plaintiff still cannot sue a union, post-election, over LMRDA violations; rather, any remedies can come only from a suit against the Secretary of Labor, meaning the Union Defendants would still not be proper parties-defendants here, and should be dismissed as such.

Equally to the point, a change in the law such as Plaintiff hypothesizes, would be of no help to Plaintiff, even in a suit against a proper defendant. If regulations change in the future, they surely could not be applied to an election that was held more than a year ago, and which was not timely challenged before the Department of Labor or in court. Indeed, as Plaintiff admits, whatever the Department of Labor's broader policy goals may be, it has heretofore shown no interest in this particular case. (See Opp. Brf. at 2 ("I sent an email to [the] . . . U.S. Department of Labor, asking for assistance (amicus brief or ruling). I did not get a response")). Plaintiff's case is untimely, procedurally barred, names the wrong parties, and is substantively without any legal or factual merit. Even if Plaintiff's conjecture about how the law might change in the future were accurate, it would do nothing to rescue his meritless complaint.

221615.docx

ZAZZALI, FAGELLA, NOWAK, KLEINBAUM & FRIEDMAN
Honorable Peter G. Sheridan
May 24, 2018
Page 5

Lastly, Plaintiff makes a disturbing error when he claims that the decision in <u>Alabama Educ. Ass'n v. Chao</u>, 539 F. Supp. 2d 378 (D.D.C. 2008) remains good law.  In fact, the D.C. Circuit entered an order vacating that decision, stating as follows:

> Upon consideration of the unopposed motion to vacate and remand, it is **ORDERED** that the motion be granted. The district court's order of March 27, 2008, granting defendant's motion for summary judgment and denying all other then-pending motions, is vacated. <u>See United States v. Munsingwear, Inc.</u>, 340 U.S. 36, 39-40, 71 S. Ct. 104, 95 L. Ed. 36 (1950). The case is hereby remanded to the district court to dismiss the complaints.
>
> [<u>Ala. Educ. Ass'n v. Solis</u>, Nos. 09-5109, 09-5110, 2011 U.S. App. LEXIS 1838, at *2-3 (D.C. Cir. Jan. 26, 2011)]

In sum, there is no regulation or valid judicial decision supporting Plaintiff's position that labor organizations like the Union Defendants are now subject to LMRDA, or were subject to the LMRDA when the election at issue was held.

## <u>CONCLUSION</u>

The Union Defendants are not proper parties-defendants in this matter, for reasons the Court correctly articulated in its February 16, 2018 decision.  There is no basis to revisit those conclusions, and the Union Defendants' renewed motion to dismiss should be granted.

Respectfully submitted,

*/s/ Flavio L. Komuves*

Flavio L. Komuves

FLK:hm
cc:   AUSA David Simunovich (via email)
      Andrew Policastro (via ECF)

21326-2418

221615.docx