UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW POLICASTRO,<br><br>*Plaintiff,*<br><br>v.<br><br>NEW JERSEY EDUCATION ASSOCIATION, et al.,<br><br>*Defendants.* | Civil Action No.: 3:17-cv-6482 (PGS)(TJB)<br><br>**MEMORANDUM AND ORDER** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on Defendant R. Alexander Acosta, Secretary of the U.S. Department of Labor's Motion for Summary Judgment (ECF No. 27). In April 2017, Plaintiff was a candidate for President of the New Jersey Education Association ("NJEA"), a state-wide union representing teachers. Plaintiff alleges that during the campaign, his opponents violated several NJEA election rules. (Cert. of Friedman, Ex. A, ECF No. 27-3).

After exhausting his internal remedies with the NJEA, on June 28, 2017, Plaintiff filed a written complaint to the Office of Labor-Management Standards, U.S. Department of Labor ("DOL") asking the Secretary to investigate the alleged campaign violations. (*Id.*) Upon receipt of Plaintiff's complaint, the DOL initiated an investigation, assigning a complaint number and an investigator. (Cert. of Friedman, ECF No. 27-2, at ¶ 3). During the investigation, the DOL learned that the NJEA had not filed any "LM reports" with the DOL. (*Id.* at ¶ 4). These reports "disclose the labor organization's financial condition and operations for its preceding fiscal year." (*Id.*) The DOL reviewed the constitution and bylaws of the NJEA as well. (*Id.* at ¶ 5). Finally, a DOL

1

representative contacted an NJEA administrator to determine whether the NJEA represented union members who were employed by private or parochial schools. (*Id.* at ¶ 6). The investigator was informed that the NJEA "does not represent any private or parochial school employees." (Cert. of Friedman, Ex. B, ECF No. 27-3).

Based on that information, DOL concluded that the NJEA is not covered by Title IV of the Labor-Management Reporting and Disclosure Act,[1] and on July 20, 2017, sent a letter to Plaintiff explaining that it lacked jurisdiction over NJEA. (Cert. of Friedman, Ex. C, ECF No. 27-3). The DOL explained that:

> the NJEA is composed exclusively of employees of various public-school districts in the State of New Jersey. The public-school districts are political subdivisions and do not meet the definition of employer within the meaning of Section 3(e) of the LMRDA. Since the [NJEA] represents only persons employed by the public-school districts, which are not employers under the LMRDA, the union is not subject to coverage under the LMRDA.

(*Id.*)

Plaintiff brought this suit (1) to compel DOL to investigate the campaign violations; (2) to declare that a union representing public employees be subject to the requirements of the Act; and (3) so that the DOL be mandated to reopen his case. (Compl., ECF No. 1). In this summary judgment action, Defendant argues that DOL's determination that the NJEA is not covered by Title IV of the Act is in accordance with statutory intent, and if is not clear, then the Department's interpretation should be accorded deference. In response, Plaintiff points to a DOL proposed regulation that, if adopted, would change whether the Act applies to the NJEA; Plaintiff next argues the *Chevron* deference is "dead," so that DOL's interpretation regarding whether or not the NJEA is covered by the Act is not entitled to any deference.

---

[1] The Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA" or "Act") governs the elections of union officers.

I

Summary judgment is appropriate under Fed. R. Civ. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "When reviewing agency action under the APA, the District Court 'sits as an appellate tribunal and the entire case on review is a question of law.'" *Aybar v. Johnson*, 295 F. Supp. 3d 442, 451 (D.N.J. 2018) (quoting *Soccer Centers, LLC v. Zuchowski*, No. 17-1024, 2017 U.S. Dist. LEXIS 169328, at *5 (D.N.J. Oct. 13, 2017)). Because "the administrative agency [was] the finder of fact, . . . [this Court] does not need to determine whether there are disputed facts to resolve at trial." *Id.* (quotation omitted). Thus, "[t]he Court's review is limited to the administrative record on which the agency based its decision." *Id.* (citing 5 U.S.C. § 706; *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). "Summary judgment thus serves as the mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review." *Id.* (quoting *Soccer Centers, LLC*, 2017 U.S. Dist. LEXIS 169328, at *5).

This court reviews an agency's decision under § 706 of the Administrative Procedure Act (APA). *Christ the King Manor, Inc. v. Sec'y United States HHS*, 730 F.3d 291, 305 (3d Cir. 2013) (citing *CBS Corp. v. FCC*, 663 F.3d 122, 137 (3d Cir. 2011)). Under § 706, courts "'hold unlawful and set aside agency action, findings, and conclusions'" that are "'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Christ the King Manor, Inc.*, 730 F.3d at 305 (quoting 5 U.S.C. § 706(2)(A)). "Under that restricted standard of review, [courts] must consider whether the agency 'examine[d] the relevant data and articulate[d] a satisfactory explanation for its action,' while being careful 'not to substitute [its own] judgment for that of the

agency.'" *Id.* (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

Courts may consider an agency action to be arbitrary and capricious, "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *State Farm Mut. Auto. Ins. Co.*, 463 U.S. at 43. The review of the agency's decision "must also be based on 'the administrative record [that was] already in existence' before the agency, not 'some new record made initially in the reviewing court' or 'post-hoc rationalizations' made after the disputed action." *Christ the King Manor*, Inc., 730 F.3d at 305 (quoting *Rite Aid of Pa., Inc. v. Houstoun*, 171 F.3d 842, 851 (3d Cir. 1999)).

Although the Act does not set forth a specific provision on this issue, the Supreme Court has held that "courts are necessarily [not] without power or jurisdiction . . . if it should clearly appear that the Secretary has acted in an arbitrary and capricious manner by ignoring the mandatory duty he owes plaintiffs under the powers granted by the Congress." *Dunlop v. Bachowski*, 421 U.S. 560, 566, 568 (1975). Thus, "a congressional purpose narrowly to limit the scope of judicial review of the Secretary's decision can, and should, be inferred in order to carry out congressional objectives in enacting the Act." *Id.* at 568. Accordingly, "the reviewing court is not authorized to substitute its judgment for the decision of the Secretary not to bring suit." *Id.* at 571.

II

§ 482 of the Act allows a member of a labor organization to file an administrative complaint with the Secretary of Labor for certain union election violations. 29 U.S.C. § 482(a). Upon receipt

4

of such a complaint, the Secretary shall investigate and if he or she "finds probable cause to believe that a violation . . . has occurred and has not been remedied . . . he [or she] shall . . . bring a civil action against the labor organization as an entity . . . to set aside the invalid election." 29 U.S.C. § 482(b).

Should the Secretary choose not to bring suit, he or she "must provide the court and the complaining witness with copies of a statement of reasons supporting his [or her] determination." *Dunlop*, 421 U.S. 560 at 572. "[W]hen action is taken by [the Secretary] it must be such as to enable a reviewing Court to determine with some measure of confidence whether or not the discretion, which still remains in the Secretary, has been exercised in a manner that is neither arbitrary nor capricious." *Id.* The Secretary must "delineate and make explicit the basis upon which discretionary action is taken[.]" *Id.* "Finally, a 'reasons' requirement promotes thought by the Secretary and compels him [or her] to cover the relevant points and eschew irrelevancies." *Id.* When reviewing the Secretary's decision, "the court's review should be confined to examination of the "reasons" statement, and the determination whether the statement, without more, evinces that the Secretary's decision is so irrational as to constitute the decision arbitrary and capricious." *Id.* at 573.

Here, the Secretary found that the NJEA was not covered by Title IV of the Act because the NJEA is composed exclusively of employees of public-school districts in New Jersey, and public school districts, as political subdivisions, do not meet the definition of employer within the meaning of Section 3(e) of Act. The Act defines a labor organization as an organization "in an industry affecting commerce and includes any organization of any kind, . . . so engaged which is subordinate to a national or international labor organization, <u>other than a State or local central body</u>." 29 U.S.C. § 402 (i) (emphasis added).

The Act further explains that a labor organization is deemed to be engaged in an industry affecting commerce if it:

> (1) is the certified representative of employees under the provisions of the National Labor Relations Act, as amended [29 USCS §§ 151 et seq.], or the Railway Labor Act, as amended; or
> (2) although not certified, is a national or international labor organization or a local labor organization recognized or acting as the representative of employees of an employer or employers engaged in an industry affecting commerce; or
> (3) has chartered a local labor organization or subsidiary body which is representing or actively seeking to represent employees of employers within the meaning of paragraph (1) or (2); or
> (4) has been chartered by a labor organization representing or actively seeking to represent employees within the meaning of paragraph (1) or (2) as the local or subordinate body through which such employees may enjoy membership or become affiliated with such labor organization; or
> (5) is a conference, general committee, joint or system board, or joint council, subordinate to a national or international labor organization, which includes a labor organization engaged in an industry affecting commerce within the meaning of any of the preceding paragraphs of this subsection, other than a State or local central body.

29 U.S.C. § 402 (j).

Finally, Commerce is defined as "trade, traffic, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof" and Industry affecting commerce is defined as "any activity, business, or industry in commerce or in which a labor dispute would hinder or obstruct commerce or the free flow of commerce and includes any activity or industry affecting commerce within the meaning of the Labor Management Relations Act, 1947, as amended, or the Railway Labor Act, as amended." 29 U.S.C. § 402 (a), (c).

The Secretary's decision was neither arbitrary nor capricious, and instead was in accord with the Act's definition of labor organization. The Act specifically states that a labor organization

6

must affect commerce, and it must be an organization other than a State or local central body, i.e. involving public-sector employees. It has been clearly established that the Act "does not apply to unions – be they locals, intermediate bodies, or parents — whose membership consists entirely of public-sector employees." *Murray v. Amalgamated Transit Union*, 206 F. Supp. 3d 202, 214 (D.D.C. 2016) (first citing 29 U.S.C. § 402(e), (i); then citing *Hester v. Int'l Union of Operating Eng'rs*, 818 F.2d 1537, 1542 n.12 (11th Cir. 1987) ("explaining congressional justification for excluding wholly public-sector unions from LMRDA coverage"), *vacated on other grounds*, 488 U.S. 1025 (1989)). Thus, "[t]he term "employer" is defined to exclude "any State or political subdivision thereof," as well as the federal government and federal entities . . . [and] a "labor organization" must "exist[] for the purpose, in whole or in part, of dealing with "an employer other than federal, state, or municipal government." *Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police*, 920 F.2d 198, 201 (3d Cir. 1990).

Here, the Secretary's decision is in accordance with the Act.[2] First, there is no argument that the NJEA, as a union representing public school teachers, does not affect commerce as defined by the Act. Second, the Act specifically carves out from its definition members of unions who are public sector employees. Here, the DOL confirmed that NJEA does not represent any private or parochial school employees. and NJEA represents public school teachers. (Cert. of Friedman, Ex. B, ECF No. 27-3). As such, the Secretary did not err in construing that the NJEA was not an entity

---

[2] Plaintiff's arguments that the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018) overturned *Chevron U.S.A., Inc. v. NRDC*, 467 U.S. 837 (1984) are without merit. There, the Supreme Court reversed and remanded, determining that courts need not apply *Chevron* deference when "Congress has supplied a clear and unambiguous answer to the interpretive question at hand." *Pereira*, 138 S. Ct. at 2113 (citing *Chevron*, 467 U.S. at 842-43 ("If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress"). The *Pereira* decision did not overturn *Chevron*. *See S.E.R.L. v. AG United States*, 894 F.3d 535, 554 (3d Cir. 2018) ("The *Chevron* doctrine of deference to federal agencies is open to question . . . but it is the law, and it allows [agencies] to change its statutory interpretation and still be entitled to full deference from Article III courts.").

subject to the Act because NJEA is not an entity "in commerce" as defined by the Act. For these reasons, Defendant's motion for summary judgment (ECF No. 27) is granted.

### ORDER

This matter having come before the Court Defendant R. Alexander Acosta, Secretary of the U.S. Department of Labor's Motion for Summary Judgment (ECF No. 27); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this 29 day of November, 2018,

**ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 27) is **GRANTED**.

                                                       PETER G. SHERIDAN, U.S.D.J.